## LOUISVILLE WATER COMPANY *v.* KENTUCKY.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 179. Argued January 11, 1898. — Decided April 11, 1898.

On the authority of *Louisville Water Company* v. *Clark,* 143 U. S. 1, which is affirmed, it is held that the exemption from taxation acquired by the Louisville Water Company under the act of Kentucky of April 22, 1882, c. 1349, was not withdrawn except from the day on which the act of May 17, 1886, known as the Hewitt Act, took effect; and the company cannot be held for taxes which were assessed and became due prior to September 14, 1886, when that act took effect.

THE case is stated in the opinion.

*Mr. T. L. Burnett* for plaintiff in error.

*Mr. James P. Helm* for defendant in error. *Mr. Helm Bruce* was with him on the brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

This action was brought by the Commonwealth of Kentucky to enforce a lien in its favor upon certain real and personal property of the Louisville Water Company, a Kentucky corporation; which lien, it was alleged, was for taxes amounting to $12,875 for the year 1886. The property upon which the State claimed this lien included the pipes, mains, buildings, reservoirs, engines, pumping stations, etc., belonging to the Water Company.

The company denied its liability to state taxation for the year 1886 or for any year subsequent to the 22d day of April,

1882, the date of the passage of an act to which we will presently refer.

In the court of original jurisdiction a judgment was rendered for the Commonwealth, and that judgment was affirmed in the Court of Appeals of Kentucky.

The history of the legislation in Kentucky in reference to this company appears in *Louisville Water Company* v. *Clark,* 143 U. S. 1, a suit involving the question of the liability of the company for state and county taxes for the year 1887.

The Water Company was incorporated in 1854 without any exemption of its property from taxation. But, as stated in that case, it was made its duty to furnish water to the city for the extinguishment of fires and the cleansing of streets, upon such terms "as might be agreed between itself and the municipal authorities;" and, the latter assenting, "the Water Company was to have the exclusive right to furnish water to the inhabitants of Louisville, by means of pipes and aqueducts, upon such terms and for such time as might be stipulated between it and the city." Act of March 6, 1854, c. 507, Sess. Acts, 1853–4, vol. 2, p. 121.

By an act approved February 14, 1856, it was provided that "all charters and grants of, or to corporations, or amendments thereof, and all other statutes, shall be subject to amendment or repeal at the will of the legislature, unless a contrary intent be therein plainly expressed : *Provided,* That whilst privileges and franchises so granted may be changed or repealed, no amendment or repeal shall impair other rights previously vested." 2 Rev. Stats. Kentucky, 1860, 121.

Subsequently, by an act approved April 22, 1882, which took effect from its passage, it was made "the duty of the Louisville Water Company to furnish water to the public fire cisterns and public fire plugs or hydrants of the city of Louisville for fire protection, *free of charge.*" But the same act provided : "The sinking fund of the city of Louisville being the owner of the stock of the Louisville Water Company, and said Water Company by virtue thereof is the property of the city of Louisville, therefore the Louisville Water Company is hereby exempt from the payment of taxes of all kinds, of

whatever character, state, municipal or special." Sess. Acts, 1882, vol. 2, p. 915, c. 1349.

On the 17th of May, 1886, the general assembly of Kentucky passed a general revenue statute — commonly known as the Hewitt statute — which did not take effect until September 14, 1886, after taxes were assessed for 1886. It was conceded in the case of *Louisville Water Company* v. *Clark,* above cited, that the property of the Water Company was subject to taxation under that statute, unless it was exempted from taxation by the above act of April 22, 1882.

The contention of the Water Company was that the exemption from taxation given by the act of 1882 could not be withdrawn by subsequent legislation without violating the contract clause of the Constitution of the United States. This contention made it necessary to inquire whether that exemption was in fact withdrawn, and if so, whether the statute withdrawing it impaired the obligation of any contract the company had with the State by the act of 1882.

This court held that the exemption allowed by the act of 1882 was withdrawn by the revenue statute of 1886; and that, as the Water Company's exemption was acquired in 1882 subject to the power of amendment or repeal reserved by the above act of 1856 — which saved, whenever that power was exerted, all rights previously vested — the State could, as it did by the revenue statute of 1886, withdraw the exemption given in 1882.

But the question remained whether the withdrawal of the exemption could take effect while the company was under an obligation imposed upon it by the act of 1882, to furnish water to the public fire cisterns and public fire plugs or hydrants of the city of Louisville for fire protection, "free of charge." The court was of opinion that the contention of the Water Company, that the general statute of 1886 impaired the obligation of its alleged contract, could not be fully disposed of without determining the question just stated. It therefore said :

"It is, however, contended that the exemption from taxation could not be withdrawn while the Water Company

remained under the obligation imposed by the first section of the act of 1882 to furnish water to the city for fire protection, free of charge. But no such obligation remained after the passage of the act of 1886, which, as we have seen, had the effect to withdraw the immunity from taxation granted by the second section of the act of 1882. In determining the object and scope of the act of 1882, we must look at all of its provisions. The Water Company was under a duty by its charter, passed before the act of 1856, to furnish water for the extinguishment of fires and the cleansing of streets, not free of charge, but upon such terms as might be agreed upon by it and the city. And the legislature certainly did not assume to impose upon it the obligation to furnish water, for fire protection free of charge, except in connection with the grant to it of immunity from taxation. Accepting, however, the benefits of this exemption from taxation, it became bound to supply water for public purposes, free of charge. But that obligation remained only so long as the exemption continued in force. The act of 1882 is to be regarded as an entirety, and meant nothing more than that the company should furnish water for fire protection, free of charge, so long as the immunity from taxation continued. This view is in harmony with the act of 1856, which expressly declares that whilst privileges and franchises granted to corporations, after its passage, could be changed or repealed, no amendment or repeal should impair other rights previously vested. The effect of the withdrawal of the immunity from taxation was, therefore, to leave the Water Company in the position it was in before the passage of the act of 1882 in respect to its right to charge for water furnished for public fire cisterns, fire plugs or hydrants." 143 U. S. 15.

It was thus adjudged that the statute of 1886 did not affect the company's exemption from taxation so long as the act of 1882 was in operation; in other words, the exemption, by force of the act of 1882, continued until the statute of 1886 took effect, but no longer. Under this view, the company was held liable to pay taxes assessed for 1887, although not liable for taxes accruing before the statute of 1886 took effect.

But it is contended that this court should accept the views expressed by the Court of Appeals of Kentucky in the former case as to the scope and effect of the act of 1882. *Clark* v. *Louisville Water Co.*, 90 Kentucky, 515, 519, 523. In that case two questions were raised in the state court: first, that if it were true that the legislature was moved to the passage of the act of 1882 upon the idea of the rendition of a public service, the company rendered no such public service as the constitution of Kentucky contemplated, when it declared, in its Bill of Rights, that "no man or set of men are entitled to exclusive, separate public emoluments or privileges from the community, but in consideration of public services;" second, that this was not the reason for the passage of that act, and that the exemption from taxation was unsupported by any valid consideration, or such as the constitution recognized. The court waived any consideration of the first question — stating that there was a difference of opinion upon it — and held that the sole consideration which moved the legislature to pass the act of 1882 was the fact that the city of Louisville owned the stock of the Water Company. Touching that question the Court of Appeals of Kentucky said in the former case: "The fact that the furnishing of the water may incidentally protect from fire the public buildings of the State will not support the exemption. The privilege was not conferred, as the legislature declared, and, as we have otherwise shown, for governmental purposes, but merely for a reason which will not support it. It arose out of considerations relating to the private and pecuniary advantage of the city, and in which the State at large had no interest." Again: "If it be said that the exemption should be upheld if it be, in fact, supported by any valid consideration, although the recited one be invalid, we reply that the real consideration, and the one which moved the parties to the transaction, is to be regarded. The one acted upon by the legislature, and expressed in the act, and which must have been understood by the city, was the simple fact that it owned the stock in the Water Company. This was not a valid consideration, and we have already seen that mere incidental protection of the public buildings does

not aid the matter. The so-called contract was, therefore, void at its inception. Instead of being impaired in any way forbidden by law, it never had any existence; and it seems to us well that we feel at liberty to so declare, because we have a general law taxing water companies, and if one company be exempt, that of any other city has an equal right to ask the privilege. A statute exempting one is certainly open to the objection of impolicy, if, indeed, it be not such unequal and partial legislation as is forbidden by law."

The grounds upon which the state court overruled the contention of the Water Company in the former case were not overlooked. And it was, in effect, there adjudged, as the above extract from the opinion of this court shows, that the exemption given by the act of 1882 was, partly at least, in consideration of the agreement of the company to furnish water to the public fire cisterns, plugs and hydrants "free of charge," and not as provided in the company's charter, upon such terms as might be agreed upon between it and the city; that this obligation of the company continued while its exemption from taxation continued; and, consequently, that such exemption, being a vested right under the act of 1882, to be withdrawn only by statute having a prospective operation, could not be withdrawn except as to taxes accruing after the statute of 1886 took effect.

It is to be observed that the Court of Appeals in its opinion in the present case states that the authority for reporting to the county court clerk the tax list for 1886 of property omitted to be listed with the auditor, was to be found in the Hewitt bill which was passed, as we have seen, after the enactment of the act of 1882.

The argument in behalf of the Commonwealth in the present case, in effect, calls for a reconsideration of what was said in the former case. We do not regard such reconsideration as necessary; and upon the authority of the decision in the former case, we adjudge that the exemption from taxation acquired by the Water Company under the act of 1882 was not withdrawn except from the day on which the statute of 1886 took effect. It results that the company cannot be held

for taxes which were assessed and became due prior to September 14, 1886, when the Hewitt act took effect. The petition of the Commonwealth of Kentucky should have been dismissed.

*The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.*

MR. JUSTICE GRAY dissented.