ROCHESTER MINING COMPANY, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant.

### Springfield Court of Appeals, May 2, 1910.

1. INSURANCE: Employer's Indemnity Insurance: Conditions of Policy. Defendant issued to plaintiff an employer's liability indemnity policy. During the life of the policy, a judgment was obtained against plaintiff on account of the death of an employee which death was covered by the policy. The defendant, under the terms of the policy, undertook the defense of the suit and appealed from the judgment, but failed to furnish an appeal bond in time to act as a supersedeas so that plaintiff was forced to pay the judgment. One of the conditions of the policy was that no action should lie against the defendant until there had been a final judgment against plaintiff in a court of last resort. Other conditions of the policy gave defendant full authority in the defense of the suit and in appealing the case. *Held*, in a suit on the policy before the appeal on the damage suit had been determined, that as defendant's failure to give the appeal bond resulted in plaintiff having to pay the judgment it was, so far as the plaintiff was concerned, the judgment of a court of last resort and, construing the terms of the policy most strongly against the defendant, the plaintiff was entitled to recover and its suit was not prematurely brought.

2. ————: ————: ————: Right of Company to Appeal. Where the terms of an employer's liability insurance policy gave the insurance company the right to defend the action for damages against the assured on account of the death of an employee, this carried with it the right to appeal from the judgment.

3. ————: ————: ————: Assured Loses Right to Defend. Under the terms of an employer's liability insurance policy requiring the insurance company to conduct the defense in a case insured under said policy, the right of the assured to conduct the defense or to do anything to protect his interest is held to be taken away.

4. ————: ————: ————: Construction Against Insurance Company. If there should be any doubt as to the proper construction to be given the terms of an employer's liability indemnity policy, it is the duty of the court to construe it most strongly against the insurance company, where the provisions are put in the policy at the direction of said company and for its protection and benefit.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*Spencer, Gray & Spencer* for appellant.

(1) The liability of appellant is measured by the terms of its written contract. Wollman v. Casualty Co., 87 Mo. App. 677. (2) Where the policy so provides, defendant is not liable to plaintiff until actual payment of the judgment in the original case. Allen v. Insurance Co., 145 Fed. 881, 137 Fed. 136; Connolly v. Bolster, 72 N. E. (Mass.) 981; Travelers Ins. Co. v. Moses, 63 N. J. Eq. 260, 49 Atl. 720, 92 Am. St. Rep. 663; Frye v. Bath, 54 Atl. 395, 59 L. R. A. 444, 97 Me. 241.

*W. R. Robertson* for respondent.

The ordinary surety or guarantor is the favorite of the law, but corporations whose business it is to issue contracts of guaranty or indemnity are classed as insurers and their contracts must be interpreted by the principles and rules applicable to policies of insurance, so that if the contract is fairly and reasonably susceptible of two constructions, one favorable to the beneficiary and the other to the insurer, the former, if consistent with the objects for which the policy is issued, must be adopted. Grocery Co. v. Guarantee Co., 130 Mo. App. 428; Roark v. Safe Deposit Co., 130 Mo. App. 407; Brown v. Insurance Co., 45 Mo. 226; McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 477; Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981; Mining Co. v. Fidelity Co., 126 Mo. App. 115; Employer's L. A. Co. v. Chicago, etc., 141 Fed. 962, 73 C. C. A. 278; Dressed Beef Co. v. Casualty Co., 201 U. S. 173, 50 L. Ed. 712.

STATEMENT.—This action grows out of the follow-ing state of facts: The defendant issued to plaintiff what is known as an employer's liability indemnity pol-icy of insurance by which it agreed to indemnify plain-tiff, during the period of time from December 31, 1906, to December 31, 1907, against loss from the liability imposed by law upon the assured—meaning the plain-tiff—for damages on account of bodily injuries or death accidentally suffered while this policy is in force by any employee or employees of the assured while within the factory, shop or yard described in the sched-ule, etc. This policy contains the following conditions:

"Condition A. . The company's liability for loss from an accident resulting in bodily injuries to, or in the death of, one person is limited to five thousand dollars, and subject to the same limit for each person, the company's total liability for loss from any one ac-cident resulting in bodily injuries to or in the death of more than one person is limited to ten thousand dollars."

"Condition C. Upon the occurrence of the accident the assured shall give immediate written notice thereof, with the fullest information obtainable at the time to the company's home office or to the company's author-ized agent. If a claim is made on account of such ac-cident the assured shall give like notice thereof with full particulars. The assured shall, at all times, render to the company all co-operation and assistance in his power."

"Condition D. If, thereafter, any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the as-sured shall immediately forward to the company's home office every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the assured unless the company shall elect

to settle the same or to pay the assured the indemnity provided for in condition 'A' hereof."

"Condition E. The assured shall not voluntarily assume any liability, nor shall the assured, without the written consent of the company previously given, incur any expense or settle any claim, except at his own cost, or interfere in any negotiation for settlement, or in any legal proceeding; except that the assured may provide at the time of the accident such immediate surgical relief as is imperative. Whenever requested by the company, the assured shall aid in securing information and evidence and the attendance of witnesses, and in effecting settlements and prosecuting appeals."

"Condition F. No action shall lie against the company to recover for any loss under this policy unless it shall be brought by the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after trial of the issue; nor unless such action is brought within ninety days after such judgment, by a court of last resort, against the assured, has been so paid and satisfied. The company does not prejudice by this condition any defenses to such action it may be entitled to make under this policy."

"Condition G. In case of payment of loss under this policy the company shall be subrogated to all rights, to the amount of such payment, of the assured against any person or corporation, as respects such loss, and the assured shall execute all papers required and shall co-operate with the company to secure to the company such rights."

During the life of this policy, an employee of the plaintiff, *viz.*, W. Gibson, was killed and afterward his widow, Martha Gibson, brought suit in the circuit court of Jasper county at the June term, 1907, and recovered judgment against this plaintiff for the sum of five thousand dollars. When this suit was brought plaintiff, under the terms of the policy, forwarded the summons to the defendant, insurance company, and

the insurance company undertook the defense of the action, and after verdict and judgment, the insurance company filed a motion for new trial, made the affidavit for appeal, and, as plaintiff's evidence in this case discloses, undertook to furnish the appeal bond. The attorney for the insurance company notified the plaintiff that they would be asked by the insurance company to sign the appeal bond, and also an application to a surety company to have them act as surety upon the appeal bond, and furnished the plaintiff the blanks for that purpose. They were executed by plaintiff and returned to the attorney for the insurance company, and the plaintiff in this case relied upon the insurance company to furnish the appeal bond, and had no knowledge that the insurance company would not furnish it until the last day which had been allowed by order of the court for filing the same. It was then too late for this plaintiff to file the bond, and, hence, there was no supersedeas staying execution pending the appeal. An execution was issued upon the judgment, and this plaintiff was compelled to pay the same. After having paid this judgment, this suit was brought against the insurance company to recover back money so paid, and the facts as above stated were pleaded in plaintiff's petition. The answer was a general denial, and a plea of condition 'F' of the policy which, as defendant contends, provided that no action should lie against it until after there had been a final judgment against the assured by a court of last resort.

Trial was had before a jury, verdict returned in plaintiff's favor, and defendant has appealed, assigning as error the action of the court in giving and refusing instructions, and in submitting the cause to the jury at all, contending that under the terms of the policy this suit was prematurely brought.

The instruction on behalf of plaintiff of which defendant now complains told the jury, in effect, that if the insurance company had undertaken the defense of

the case of Gibson against this plaintiff, and, that after judgment, defendant prepared an appeal bond and the plaintiff signed. said bond as principal, and delivered same to the attorney for the defendant, and also delivered to said attorney a written application to a surety company requesting it to act as surety on said bond, that defendant had asked for and secured an order allowing time in which to file the bond, and that the attorney for defendant retained the bond and application and did not notify this plaintiff that the defendant would not furnish the appeal bond until it was too late for plaintiff to do so, and execution was issued on the judgment and plaintiff compelled to, and did pay, any sum thereunder, then he was entitled to recover. The instructions asked by defendant which were refused, and of which defendant is now complaining, were: First, that under the law and evidence your verdict will be for the defendant. Third, that under the terms of the policy the defendant, insurance company, was not required to provide or furnish appeal bond in the Martha Gibson case, and that this duty devolved upon this plaintiff if it desired to prevent issuance of execution. Further, that defendant was not liable in an action by plaintiff until final judgment had been rendered by a court of last resort, and if the jury should find that the case of Martha Gibson against this plaintiff was at that time pending and undecided in the Supreme Court, then plaintiff could not recover.

COX, J.—The contention of appellant is that the provision in the policy that no action should lie against it until final judgment should be rendered by a court of last resort and that judgment paid by plaintiff is an absolute one, and this contingency not having occurred, plaintiff's suit is prematurely brought.

Plaintiff contends that the failure of defendant to furnish appeal bond and stay execution upon the judgment in the circuit court forced the plaintiff to pay

the judgment before the determination of the appeal and by that act defendant is estopped to insist upon the enforcement of that provision.

This entire controversy rests upon one proposition, *viz.*: whose duty was it to furnish the appeal bond and stay execution on the Gibson judgment against plaintiff? This question must be determined by a construction of the policy and the acts of the parties. We do not find that this precise question has ever been passed upon, but there have been some adjudications construing similar policies that will aid materially in the solution of this question, thus:

· The right given to defendant to defend the action for damages against plaintiff on account of the death of the employee gave to defendant the right to appeal from the judgment. [Stephens v. Casualty Co., 97 N. W. 686.]

In this case the terms of this policy not only permit defendant to conduct the defense of Martha Gibson against this plaintiff but require it to do so, and this provision of the policy robbed this plaintiff of any right or power to direct the defense in any particular, and left it powerless to do anything to protect its own interests without the express consent of the insurance company. [Davidson v. Casualty Co. (Mass.), 83 N. E. 407.]

If there should be any doubt as to the proper construction to be given the terms of this policy it is our duty to construe them most strongly against the insurance company, for these provisions were put in the policy for its protection and benefit, and the policy was prepared by its direction, and it alone is responsible for the language used therein. [Grocery Co. v. Fidelity and Guaranty Co., 130 Mo. App. 421, l. c. 428-429, 110 S. W. 29; Fenton v. Fidelity Co. (Ore.), 48 L. R. A. 770; Lumber Co. v. Fidelity Co. (Minn.), 65 N. W. 353; Hoven v. Assur. Corp. (Wis.), 67 N. W. 46; Light &

Electric Co. v. Fidelity Co. (Mich.), 69 N. W. 249;
Amer. Surety Co. v. Pauly, 170 U. S. 130.]

Looking to the terms of the policy alone, we think
a proper construction thereof made it the duty of de-
fendant, if not satisfied with the judgment in the circuit
court, not only to appeal the case, but to protect this
plaintiff from injury while the appeal was pending. We
note that the provisions of the policy defining plain-
tiff's duty in case of suit are "Whenever requested by
the company, the assured shall aid in securing informa-
tion and evidence and the attendance of witnesses and
in effecting settlements, and in prosecuting appeals
. . . the assured shall not voluntarily assume any
liability; nor shall the assured without the written con-
sent of the company previously given, incur any expense
or settle any claim, except at its own cost, or interfere
in any negotiations for settlement or any legal proceed-
ings." Under the plain terms of these provisions plain-
tiff was not required to do anything to assist defendant
in prosecuting the appeal until it was requested by de-
fendant to do so; nor was plaintiff permitted to assume
any liability or interfere in any legal proceeding with-
out first having the written consent of defendant. The
evidence in this case shows that plaintiff did its duty,
under these provsions, to the letter; and as giving an
appeal bond was incurring a liability it is clear that
plantiff could not do so without first having had the
written consent of defendant and this consent was not
furnished until it was too late for plaintiff to furnish
the bond.

The provision that no action should be maintained
against the defendant until the judgment against the
plaintiff had been affirmed by a court of last resort and
paid by plaintiff was for defendant's protection, and
was inserted in the policy to prevent plaintiff from set-
tling the claim, or paying the judgment, with the ex-
pectation of holding defendant liable therefor, until
a court of last resort had passed upon the validity of

the claim and defendant had been assured thereby that the claim was one covered by the policy for which defendant would be liable to reimburse plaintiff. While this provision protects defendant in that way, the other provisions of the policy which required defendant to defend the suit, at its own cost, when considered in connection with this provision, also required defendant to shield the plaintiff from liability while the case was beng prosecuted through the court of last resort. It would be manifestly unjust to say that plaintiff could not recover for any sum paid unless paid as a result of a final judgment in a court of last resort, and at the same time, tie its hands and prevent it from protecting its own interests in the trial of the case.

Defendant having taken the defense of the case out of the hands of plaintiff, and, after doing so, having refused to give the appeal bond, and thereby provide for a stay of execution on the judgment, and thus forcing plaintiff to pay the judgment of the circuit court, that judgment became to plaintiff the judgment of a court of last resort for it had no control of the appeal and could do nothing at that time except to pay the judgment against it and this it could not avoid doing.

When we resolve all doubts that may arise in the construction of the terms of this policy in plaintiff's favor and construe this policy most strongly against the insurance company as we are required to do we have no hesitancy in holding that it was the duty of defendant to have furnished the appeal bond, and having failed to do so, and by such failure, having forced plaintiff to pay the judgment, it has waived the right to require plaintiff to wait until the determination of the appeal, and must now be required to stand to its part of the agreement and reimburse the plaintiff.

This plaintiff, when suit was brought against it by Martha Gibson, immediately turned over the defense of the suit to the insurance company as it was required

to do, and committed to the care of the company the entire interests of plaintiff in that suit. Plaintiff did everything it was asked to do to assist the insurance company in that defense. After judgment, the attorney for the insurance company took control of the appeal and plaintiff did everything it was asked to do to assist in perfecting that appeal, and the attorney for the insurance company did not notify plaintiff that the insurance company would not make the appeal bond until it was too late for plaintiff to make it, and, under these facts, if we lay aside the terms of the policy and look only to the acts of the parties, the defendant should be held liable on the ground that by its own neglect it placed plaintiff in a position in which it was compelled to pay the judgment. [Manufacturing Co. v. Assur. Corp. (Iowa), 90 N. W. 616.]

The case was well tried. Judgment is for the right party and will be affirmed. *Nixon, P. J.,* concurs. *Gray, J.,* having tried the case, *nisi,* not sitting.