FRANK O. JOHNSON, APPELLEE, v. MARYLAND CASUALTY COMPANY, APPELLANT.

FILED MARCH 27, 1919.    No. 20432.

1. **Insurance:** LIABILITY INSURANCE: SUPERSEDEAS BOND. A "contractors' employers' policy," insuring an employer against loss arising from personal injury to employees, which stipulates that the insurer "will, at its own costs, * * * investigate all accidents and defend all suits even if groundless, of which notices are given to it," obligates the insurer on appeal from a judgment recovered by the employee against the employer to protect such employer pending the appeal by furnishing a supersedeas bond.

2. ———: ———. In an action on a contractors' employers' bond, if the insurer appeals and does not furnish a supersedeas bond, the insured may pay the judgment and maintain an action against

the insurer for an amount not exceeding the liability stipulated in the poliicy.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*.

*Montgomery, Hall & Young,* for appellant.

*Lambert, Shotwell & Shotwell, contra.*

DEAN, J.

Plaintiff is a contractor engaged in wrecking buildings. He recovered a judgment against the Maryland Casualty Company, hereinafter called the company, on a "contractors' employers' policy" for $6,215.21, and an additional sum of $300, as an attorney's fee taxed as costs. Defendant appealed.

P. J. Culver, an employee of plaintiff, recovered a judgment against him for $5,000 for personal injuries sustained while engaged as a workman in wrecking the old courthouse at Omaha. That judgment is the basis of the present case. The company having been notified, as the policy provided, took charge of the trial of the case in the district court. When the judgment was rendered there against this plaintiff, the company informed him that it intended to appeal the case to this court, but that it would not furnish a supersedeas bond. They wrote him that they had "no doubt but that the plaintiff (Culver) will now cause execution to issue, and levy it upon your property if any possible levy can be made, and so, in order to have a review of the judgment, it will be necessary to furnish a bond in double the judgment and costs, which would be about $10,500 or $11,000, to be absolutely on the safe side. * * * Kindly let me hear from you at an early date relative to the supersedeas bond, and oblige."

On the day following the receipt of this letter plaintiff notified the company, in substance, that he would not furnish a supersedeas bond. Thereafter the company appealed, but, having failed to furnish a bond,

Culver, the judgment creditor, while the case was pending in this court, caused two or more executions to issue, and finally levied on certain property of plaintiff. To protect his property from forced sale, and to preserve his credit generally, plaintiff settled the judgment by giving Culver his promissory note for the full amount of the recovery. Shortly thereafter plaintiff and Culver, without notice to the company, by stipulation, caused. the appeal to this court to be dismissed. On refusal of defendant to pay plaintiff the amount of the Culver judgment with interest and costs, this action was commenced.

The policy contains these provisions that are material to this inquiry: "The company's liability for loss from an accident resulting in bodily injuries, including death resulting therefrom, to one person is limited to five thousand dollars ($5,000). * * * In addition to these limits the company will, at its own cost (court costs, and all interest accruing after entry of judgment upon such part thereof as shall not be in excess of the limits of the company's liability as hereinbefore expressed, being considered part thereof) investigate all accidents and defend all suits even if groundless, of which notices are given to it as hereinafter required. unless the company shall elect to settle the claim or suit. * * * The company is not responsible for any settlement made, or any expenses incurred by the assured, unless such settlements or expenditures are first specifically authorized in writing by the company."

Defendant argues that it is not liable because the appeal of the Culver case was dismissed by stipulation without the consent of the company. Defendant's argument is not tenable. The liability of the company under the policy became absolute when the time expired for filing a supersedeas bond. Hence notice was not required. The Culver judgment was a source of great embarassment to plaintiff, in that it prevented him from obtaining contracts, his prospective patrons informing

him that they would not give him employment while the Culver judgment remained unsatisfied because they did not want to be annoyed by garnishment proceedings and the like.

A fair construction of the policy, which, if ambiguous, we are required to construe most strongly against the company, leads us to conclude that the judgment must be affirmed. Clearly it was not incumbent on plaintiff to supercede the Culver judgment. It is equally clear that defendant was obligated by the terms of the policy to satisfy the judgment, or, if it desired to appeal, to furnish a supersedeas bond to the end that plaintiff's property might be protected from execution and his credit remain unimpaired. The premium on the policy was the consideration that plaintiff paid for this protection. Defendant's contract with plaintiff, as expressed in the policy, that it would "at its own cost * * * investigate all accidents and defend all suits" was not complied with by defendant when it refused to furnish a supersedeas bond. Plaintiff was left naked to his enemies while the company speculated on the result of an appeal. The language of the policy does not prevent an appeal by the company, but it seems clear to us that it owed to plaintiff the protection afforded by a supersedeas bond while such appeal was pending. The company having failed to supersede the Culver judgment, error cannot be predicated on plaintiff's settlement and stipulation with Culver to dismiss the appeal without notice. *Upton Cold Storage Co. v. Pacific Coast Casualty Co.*, 147 N. Y. Supp. 765; *Rochester Mining Co. v. Maryland Casualty Co.*, 143 Mo. App. 555. In the present case the recovery did not exceed the amount stipulated in the policy.

Finding no reversible error, the judgment is

AFFIRMED.

CORNISH, J., not sitting.