## Nellie Ferry, Defendant in Error, v. National Motor Underwriters, Plaintiff in Error.

1. JUDGMENTS AND DECREES—*entry of judgment by nil dicit upon withdrawal of general issue and election to stand by special plea and demurrers to replications to other pleas.* Where a defendant withdraws its general issue and elects to stand by a special plea and demurrers to replications to other special pleas, nothing is left for a jury to try and the trial court should render judgment by *nil dicit,* or for want of a plea.

2. APPEAL AND ERROR—*insufficiency of record to warrant reversal of order overruling demurrer to plea in abatement.* Where the abstract of a plaintiff in error asserts that there was a plea in abatement and that it was based upon want of proper service of process, but fails to set out the plea or enough thereof to show wherein service was insufficient to confer jurisdiction, the Appellate Court will presume that the trial court did not err in overruling a demurrer thereto. It will not search the record to ascertain the alleged fact.

3. INSURANCE—*construction of provisions in favor of beneficiary.* Where a policy of insurance is so framed as to make possible different interpretations of the same clause, that construction will be adopted, in a suit upon the policy, which is most favorable to the beneficiary.

4. INSURANCE—*construction of policy provision exempting insurer of automobile if car used for illegal transport of liquor or in violation of law.* A clause of an insurance policy, insuring against damage suits against an automobile owner but exempting the insurer if the car is used for illegal transport of liquor or in violation of law, will be construed to limit the exemption to illegal handling of liquor at the time of an accident and not to any violation of the law such as excessive driving speed, as maintained by the insurer.

5. HIGHWAYS—*construction of statutory limitation upon speed of automobiles within residential district of incorporated city.* Under Cahill's St. ch. 95a, ¶ 23, the rate of speed for the residential district of an incorporated city is not limited to 15 miles per hour but there is only prohibited a rate of speed greater than is reasonable under due regard to traffic and life, limb, and property of others.

6. INSURANCE—*undertaking to defend insured automobile owner from damage suit as waiver of exemption provisions of policy.* An insurer of an automobile owner against damage suits does not waive any provision of the policy exempting it from liability for certain acts of the insured merely because it undertakes to defend the insured from such a damage suit, as it was bound to do.

7. PLEADING—*sufficiency of defective replication to bad plea.* Even though the replication to a plea is not good, it is sufficient answer to a bad plea and replication and plea must fall together.

8. INSURANCE—*when insured under automobile liability policy entitled to pay damage judgment against her and recover same from insurer.* One insured by a policy against damages caused by her automobile has the right to pay a judgment recovered against her upon failure of the insurer to file an appeal bond, and to recover from the insurer the amount paid.

9. INSURANCE—*insufficiency of plea in action upon automobile liability policy.* Where the plea of an insurer in an action to recover the amount of a judgment for damages caused by the insured's auto-

mobile, while alleging that the insured interfered with the appeal in such action by paying the judgment, failed to allege that a supersedeas or appeal bond had been filed or that the time for filing had not expired, a demurrer thereto was properly sustained.

10. JUDGMENTS—*impropriety of entering default after withdrawal of general issue and election to stand upon special plea and overruled demurrers to replications.* After a defendant has withdrawn the general issue and elected to stand upon a special plea and its overruled demurrers to replications to its other pleas, the court cannot properly enter a default.

11. APPEAL AND ERROR—*when failure to render judgment nil dicit or for want of plea not reversible error.* Although the trial court should have rendered judgment *nil dicit* or for want of plea, after the defendant withdrew the general issue and elected to stand on a special plea and demurrers to replications to its other pleas, the error of hearing evidence and rendering judgment for the plaintiff thereafter will not warrant reversal.

12. INSURANCE—*payment of judgment recovered against insured under automobile liability policy as prerequisite to right of action on policy.* An insured need not prove that she has paid a judgment recovered against her for injuries caused by her automobile before recovering the amount of the judgment from a company which has insured her against such judgments.

Error by defendant to the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the November term, 1926. Affirmed. Opinion filed April 15, 1927.

A. M. FITZGERALD, P. W. ZERWEKH, H. C. MOORE and EARL B. SONGER, for plaintiff in error.

MCGLYNN & MCGLYNN, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error insured defendant in error against loss and expense for legal liability arising or resulting from claims upon her by reason of the ownership or use of a certain motor car on account of bodily injury suffered by any person by reason of accident providing that liability is limited to $5,000 for injury or death of any one person. It agreed to defend, at its own

costs and expenses, all legal proceedings instituted against the insured, whether groundless or not. Insured was required to give written notice within five days of an accident or loss, and, if sued, to send the summons to the home office of plaintiff in error. She was not to assume any liability, settle any claim, or incur any expense except at her own cost, or to interfere in negotiations for settlement or legal proceedings without consent of the plaintiff in error previously given in writing. She was required, when requested, to aid in effecting settlements, securing evidence, attendance of witnesses and in prosecuting appeals.

While the policy was in force defendant in error was driving her car and she struck and injured Edith Peacher. An action was brought against defendant in error who gave the required notice, and thereupon plaintiff in error assumed the defense of the suit. The trial resulted in a verdict and judgment for $5,000. Plaintiff in error procured a bill of exceptions but failed to file an appeal bond. An execution was issued upon the judgment and thereupon defendant in error caused the same to be satisfied of record.

She then sued plaintiff in error to recover on the insurance contract which she set out in her declaration with the usual averments. Plaintiff in error filed a plea in abatement to the jurisdiction of the court and a demurrer thereto was sustained. The general issue and three special pleas were then filed. Replications were filed to the first and second special pleas and demurrers thereto were overruled. A demurrer was interposed to the third special plea and sustained. Plaintiff in error then withdrew the general issue and elected to stand by its third special plea and its demurrers to the replications to the first and second special pleas. A jury was called and at the close of the evidence the court directed a verdict for $5,000. When the general issue was withdrawn there was nothing

left for a jury to try and the proper course was to render judgment by *nil dicit,* or for want of a plea.

Plaintiff in error contends that the court erred in sustaining the demurrer to its plea in abatement to the jurisdiction of the court over its person. The presumption is that the trial court did not err in its ruling and for that reason plaintiff in error should so present its case that the errors in the record relied upon for a reversal clearly appear on the face of the abstract, and it is not the province of the court to search the record for the purpose of discovering errors on which to base a reversal. That rule has been announced so frequently that we will only refer to the latest case on the subject. *People v. Heywood,* 321 Ill. 380.

The abstract, in the case at bar, simply states: "Plea of National Motor Underwriters in abatement setting up no proper service of process had upon the attorney in fact of said defendant or Director of Trade and Commerce of the State of Illinois, as required by the statute of the State of Illinois. General demurrer of plaintiff to plea in abatement of defendant. Special ground of demurrer to foregoing plea for insufficient verification. Orders of court at May Term 1926, entered May 29, 1926 sustaining the demurrer to plea in abatement."

It will be observed that plaintiff in error simply informs us by its abstract that there was a plea in abatement and states the conclusion that it set up no proper service of process. We are not advised by the abstract as to the averments of the plea nor is the verification shown. The plea should have been set out in the abstract or at least enough of it to show wherein it was claimed the service was insufficient to confer jurisdiction instead of stating the conclusion that there was no proper service. The presumption is that the court did not err in overruling the demurrer and plaintiff in error having failed to show, in its abstract, that

there was error in that regard, we will not search the record in order to ascertain the alleged fact.

The first special plea set out that the policy sued on contained the following provisions: "This policy does not cover indemnity nor loss nor damages under the following conditions: (a) While insured car is driven or manipulated by any person under the age limit fixed by law, or under the age of sixteen years of age in any event; (b) driven in any race or speed contest; (c) operated by a person under the influence of liquor; (d) * * *; (e) * * *; (f) * * *; (g) * * *; (h) if assured sells, or if said motor car illegally transports intoxicating liquor; (i) while being used, operated or engaged in violation of the law." The plea then avers that at the time of the accident in question defendant in error's car was being operated by her in violation of law, to wit: At a speed greater than reasonable and proper, to wit: Greater speed than 15 miles per hour on a public highway in a closely built up residence district within the limits of the city of East St. Louis.

It is quite apparent that the plea is based on the theory that defendant in error was not entitled to recover because, at the time of the accident, she was operating her car at an unlawful rate of speed. If the policy exempts plaintiff in error from liability in such a case it would also be exempt if the car was being driven without a registration certificate; without displaying the license number on the car; with the number covered, altered, defaced or mutilated; with a fictitious number or a number belonging to another vehicle; if the driver failed to give the right of way to another vehicle approaching from the right; if he failed to turn to the right of the center of the beaten track when meeting another vehicle; if he failed to have proper lights or failed to dim them at the proper time, etc. All of these various acts and omissions, and many others, are violations of the law. After providing spe-

cific penalties for the violation of certain sections of the Motor Vehicle Law the statute fixes a penalty of $100 for the violation of any section or provision thereof for which no specific penalty is provided. Motor Vehicle Law, section 43, Cahill's St. ch. 95a, ¶ 48. In addition to the said various acts and omissions an operator of a motor car may violate some of the laws and ordinances regulating traffic.

In the abstract of the provisions of the policy the clauses set out in the plea and designated as (h) and (i) are shown to be but a single clause which reads as follows: "If assured sells, or if said motor car illegally transports intoxicating liquor, while being used, operated or engaged in violation of law." But whether this provision is a single clause or two clauses is not very material. The question is, How should the language be construed? We all know that nearly all automobile accidents are due to the fact that some law has been violated. If the language in question is to be construed so as to relieve plaintiff in error from liability in all cases where the insured was operating the car in violation of law at the time of the accident, the insured would have no protection in most cases.

If we divide the language in question into two clauses, as plaintiff in error has in its plea, then it would be relieved from liability, " (h) if assured sells, or if said motor car illegally transports intoxicating liquor." Suppose defendant in error had made an illegal sale of intoxicating liquor, or that the car illegally transported such liquor, after the policy was issued and more than six months prior to the time of the accident in question. Would anyone contend, seriously, that such sale or transportation would deprive her of the benefit of her insurance? We think not.

The policy of insurance should not be so framed as to be susceptible of one construction in the hands of the soliciting agent, and of quite a different one in the hands of the adjuster. *Travelers' Ins. Co. v. Dunlap,*

160 Ill. 642–647. Contracts of insurance are construed strictly against the insurer and liberally in favor of the insured, and where two interpretations, equally reasonable, are possible, that construction should be adopted which will enable the beneficiary to recover. *Zeman v. North American Union,* 263 Ill. 304. And where there are conflicting clauses in the contract, the one which affords the most protection to the insured will control. *Monahan v. Fidelity Mut. Life Ins. Co.,* 242 Ill. 488.

The policy in question is so framed as to be susceptible of one construction in the hands of the soliciting agent, and of quite a different one in the hands of the adjuster. When the provision in question is construed in accordance with the foregoing decisions the only reasonable conclusion is that it means that plaintiff in error was to be exempt from liability if the accident occurred while defendant in error was using or operating her car in the unlawful sale or transportation of intoxicating liquor. We cannot believe that this language was inserted in the policy for the purpose of relieving plaintiff in error from liability in almost every accident that might befall defendant in error. If we are right in our conclusion as to the meaning of the language, the first special plea is bad.

But the plea is not good even if the provision should be so construed as to relieve plaintiff in error from liability in all cases, where, at the time of the accident, the insured was operating her car in violation of law. The plea avers that she was operating her car in violation to wit: At a speed greater than reasonable and proper, to wit: Greater speed than 15 miles per hour, etc. The statute does not fix a speed limit of 15 miles per hour in a residential portion of an incorporated city, but prohibits a rate of speed greater than is reasonable and proper having regard to the traffic and use of the way, or so as to endanger the life or limb or injure the property of any person. *Stansfield v. Wood,*

231 Ill. App. 586.; *Wallace v. Yellow Cab Co.,* 238 Ill. App. 283; *Morrison v. Flowers,* 308 Ill. 189–195.

The replication to said first special plea averred that when defendant in error was sued by Edith Peacher the summons was sent to plaintiff in error who assumed to defend the suit and that by reason thereof plaintiff in error waived all question of her violation of law in the operation of her car as well as the provision of the policy set out in the said plea. The demurrer to the replication was overruled. Plaintiff in error had contracted to defend any suit brought against defendant in error and its failure to do so would have rendered it liable. *Kinnan v. Charles B. Hurst Co.,* 317 Ill. 251. We think that the doing of what plaintiff in error was obligated to do should not be held to be a waiver of any of the provisions of the contract when a failure to do it would render it liable. The replication was not a good one but it was sufficient answer to a bad plea. Gould's Pl. ch. 9, § 37; *People v. Central Tel. Co.,* 232 Ill. 260–276; *Weatherford v. School Directors of Dist. No. 7,* 317 Ill. 495–500.

Plaintiff in error cannot complain that the defective replication was allowed to stand to a defective plea, 1 Chitty's Pl. p. 668; *Louisville N. A. & C. Ry. Co. v. Carson,* 169 Ill. 247–255. The replication and the plea being bad, they must fall together. *Illinois Fire Ins. Co. v. Stanton,* 57 Ill. 354–359.

The second special plea set out other provisions of the policy already referred to and averred that since the accident occurred defendant in error settled the claim of Edith Peacher and incurred expenses without the consent of plaintiff in error previously given in writing. The replication thereto was to the effect that after judgment had been rendered against her, plaintiff in. error, who was defending her in the suit, neglected to file an appeal bond; that an execution was issued on the judgment; that plaintiff in error abandoned the appeal; that by reason of the execution

against her she was compelled to and did pay the amount of the judgment. The demurrer to the replication was properly overruled. Under the provisions of the contract it was the duty of plaintiff in error to provide an appeal bond if it desired to litigate further. Having failed to do so defendant in error had a right to pay the judgment and is entitled to maintain an action for an amount not in excess of that stipulated in the policy. *Seessel v. New Amsterdam Casualty Co.,* 140 Tenn. 253, 204 S. W. 428; *Johnson v. Maryland Casualty Co.,* 103 Neb. 371, 171 N. W. 908; *Rochester Min. Co. v. Maryland Casualty Co.,* 143 Mo. App. 555, 128 S. W. 204; *E. M. Upton Cold Storage Co. v. Pacific Coast Casualty Co.,* 162 App. Div. 842, 147 N. Y. S. 765; *Pacific Coast Casualty Co. v. General Bonding & Casualty Ins. Co.,* 240 Fed. 36.

The third special plea avers that after Edith Peacher recovered the judgment plaintiff in error procured a bill of exceptions and filed the same within the time allowed and was taking the further necessary steps to take the case to the Appellate Court of which defendant in error had notice; that in paying said judgment defendant in error interfered with such legal proceedings contrary to the terms of her contract. The plea does not aver that an appeal bond had been filed, or that a supersedeas bond had been filed, or that the time for the filing of the appeal bond had not expired when defendant in error paid the judgment. The demurrer to the plea was properly sustained under the authorities last above cited. Plaintiff in error argues that it intended to take the case to the Appellate Court on a writ of error. If so it should have procured a supersedeas so that an execution could not issue against defendant in error.

It is argued that the court erred in hearing evidence and rendering judgment without a default having been entered against plaintiff in error. Plaintiff in error had appeared and pleaded to the declaration and had

elected to stand by its third special plea and its demurrers to the replications to its first and second special pleas. A default would not have been proper. Instead of calling a jury and hearing evidence the proper course would have been for the court to render judgment in favor of defendant in error by *nil dicit* or for want of a plea. The error in that regard, however, is not such as to require a reversal. *Mann v. Brown*, 263 Ill. 394; *Plaff v. Pacific Exp. Co.*, 251 Ill. 243. When plaintiff in error withdrew the general issue and elected to stand by its third special plea and its demurrers to the replications there was no issue to be tried by a jury and there was no occasion for the taking of evidence.

It is argued that defendant in error did not prove that she had actually paid the Peacher judgment in cash. As already stated there was no necessity for such proof. But even if there had been an issue as to that question, it would have been an immaterial issue. Under the terms of the policy when Edith Peacher was injured the liability of defendant in error was incurred and when the court rendered judgment against her the loss on account of such liability was sustained. It would not be necessary for defendant in error to show that she had actually paid the judgment in cash. *Ravenswood Hospital v. Casualty Co.*, 280 Ill. 103.

No reversible error having been pointed out the judgment is affirmed.

*Affirmed.*