George B. Scott, Defendant in Error, v. The Inter-
Insurance Exchange of The Chicago Motor Club,
Plaintiff in Error.

Gen. No. 35,684.

Opinion filed June 15, 1932.

MILLER, GORHAM & WALES, for plaintiff in error; EDWARD R. ADAMS and HERBERT C. DE YOUNG, of counsel.

JOHN H. KAY and ROY J. EGAN, for defendant in error.

MR. JUSTICE WILSON delivered the opinion of the court.

The plaintiff, George B. Scott, recovered a judgment against the defendant, The Inter-Insurance Exchange of the Chicago Motor Club, under a certain policy of insurance issued by the defendant to one Peter Hanrahan. The policy of insurance covering Hanrahan contained a clause to the effect that the insurance provided should also inure to the benefit of any person or persons while riding in or operating any of the automobiles owned by Hanrahan and described in the schedule, provided said person was operating said machine with the permission of the assured.

On the night of February 27, 1929, the plaintiff Scott was driving one of the automobiles owned by Hanrahan, and with the permission of Hanrahan, who was a passenger at the time. While the plaintiff was operating the machine on the night in question, it struck John Repiscak who received injuries from which he died. The administrator of the estate of the deceased brought his action against Scott, plaintiff here, Hanrahan and one Abraham Sherman, who was driving a truck at the same place and contributed to the injury which resulted in the death of Repiscak.

We are not concerned with the facts surrounding the accident, but the record discloses that upon the trial Hanrahan was found not guilty and a judgment was entered against both Scott, plaintiff here, and Sherman, the other defendant. No appeal was taken from this judgment by Scott, but this action was brought upon the policy issued by the defendant to Hanrahan and the cause was tried by the court without a jury, resulting in a finding in favor of the plaintiff and against the defendant. It is admitted that the policy of insurance covered Scott and insured him against liability arising out of the death of Repiscak. There is no question but that at the time of the accident Scott was driving Hanrahan's machine with his permission and therefore came within the provision of the policy. It is insisted, however, on behalf of the defendant that both Hanrahan and Scott failed to give immediate written notice of the accident to the defendant; that Scott's action on the policy was premature; and, lastly, that even though the defendant appeared in the action brought by the administrator and defended on behalf of Hanrahan, this did not amount to a waiver of notice on the part of Scott. Notice of the accident was served upon the defendant by Hanrahan, March 9, 10 days after the accident happened. This notice was accompanied with a detailed statement of the facts concerning the accident and, among other things, stated that

Scott, the plaintiff, was, at the time, driving Hanrahan's car and with his consent. On the same date another statement was given to the defendant company, signed George B. Scott and Peter Hanrahan, giving the details of the accident and the name of the party injured.

The trial court was asked by the defendant to find, as a matter of law, that the written notice of the accident given on March 9 was not an immediate written notice within the terms of the policy. This proposition of law as tendered to the court was marked "refused." It is insisted that this was error on the part of the trial court and we are referred to the case of *Haas Tobacco Co. v. American Fidelity Co.*, 226 N. Y. 343. From the facts in that case it appeared that a driver of the Haas Tobacco Co., a corporation, while operating one of its trucks, struck and injured a boy, as a result of which the boy died. The driver stated that he did not believe that the boy was seriously injured and no notice of the accident was given until 10 days after it had occurred. The court held, in reversing a judgment of the trial court, that the notice was not such immediate notice as was required by the policy. It is significant, however, that this opinion was by a court divided four to three and that among those dissenting was Cardozo, recently elevated to the Supreme Court of the United States, and whose opinions are considered with the greatest respect. In a subsequent opinion in the case of *Rushing v. Commercial Casualty Ins. Co.*, 251 N. Y. 302, in an opinion rendered by Cardozo, the assured gave notice 22 days after the accident. There was prompt disclaimer of liability. In that case the court did not hold that the length of time in giving notice vitiated the policy, but reversed the judgment and remanded it for a resubmission. In its opinion the court said:

"In the absence of explanation or excuse, a notice of an accident withheld for 22 days is not the immediate

notice called for by the policy. There may, indeed, be circumstances, such as absence from the State or lack of knowledge of the accident, that will explain or excuse the delay and show it to be reasonable.''

In the instant case the plaintiff had no knowledge of the fact that there was a policy of insurance issued to Hanrahan, which covered him, the plaintiff, but the defendant within 10 days did have knowledge that Scott was driving the car and came within the terms of the policy. On March 23, 1929, Hanrahan delivered to the defendant a copy of the summons served in the suit of the administrator of Repiscak and this also disclosed to the defendant the fact that Scott, as well as Hanrahan, was a party defendant to that proceeding. There appears nowhere in the record any testimony, either oral or written, showing that the defendant, The Inter-Insurance Exchange of The Chicago Motor Club, ever disclaimed its liability under the policy to Scott for failure of Hanrahan to serve immediate notice as required by the terms of the policy. In consideration of the premiums paid, the defendant agreed to insure Hanrahan, or any person driving his car with his consent, and this included Scott. Scott was, therefore, entitled to the protection of the policy. While the policy provides that the assured shall give immediate notice, there is nothing that can be gathered from the face of the policy to indicate what, if anything, is required of those covered by the policy, other than the one named therein as the assured. Not knowing of the existence of the policy, this class of assured appears to be dependent wholly upon the vigilance of the individual taking out the policy. This fact should be taken into consideration in order to safeguard the right of this particular class of assured in the consideration of the question by the courts as to what constitutes immediate notice. Under such circumstances, the clause requiring immediate notice should be reason-

ably construed and should not require a construction so strict as to jeopardize the rights of this class of assured. It would also appear that there should be some obligation on the insurance company issuing the policy in such cases to notify this particular class of assured of the company's intention in regard to their position under the policy as soon as the fact comes to the notice of the company that there are such individuals so covered. The defendant at the time of the alleged disclaimer of liability to Hanrahan, knowing that Scott was driving the car, might easily have notified Scott of its position, but this it failed to do. We believe that the trial court, under the circumstances, was justified in finding as a matter of fact that the notice of Hanrahan to the company was a substantial compliance of the condition of the policy requiring immediate notice.

On April 10, 1929, the insured, Hanrahan, had a conversation with Dillon, who appears to have been a representative of the insurance company, and at this time Dillon made a memorandum as to what took place and this, by stipulation of the parties, was introduced in evidence. From this memorandum it appears that Dillon told Hanrahan the company would defend the suit, but would not indemnify him, Hanrahan. Later, on April 16, at another conversation, it appears from a similar memorandum made by Dillon that the defendant company agreed both to handle the suit on behalf of Hanrahan and to indemnify him in case of a judgment. It is claimed that this was a disclaimer of liability so far as Scott was concerned. It is argued that it amounted only to a waiver of the disclaimer as to Hanrahan. There appears nowhere in the record any evidence showing anything done by the company which showed an express disclaimer as to the liability of the company so far as Scott was concerned. It is the rule in this State that forfeitures are not favored and that policies of insurance must be construed most

favorably in favor of the assured and this rule applied as well to Scott as to Hanrahan. *Treolo v. Iroquois Auto Ins. Underwriters,* 348 Ill. 93.

We are referred by counsel to the case of *Clements v. Preferred Acc. Ins. Co.,* 41 F. (2d) 470, in support of this proposition. From the facts in that case it appears that the son of the assured was driving the car at the time of the accident. No notice was given to the insurance company until after two years had elapsed. The company advised the assured that it would assume no obligation on the policy to the son, because it had not received the notice provided for by the policy and that the son would be obliged to defend the suit at his own expense. But, the company did agree to defend the assured himself. The son was notified by the insurance company that it would assume no obligation so far as he was concerned. There was no notice to Scott in the instant case by the company that it would not assume its obligation under the policy, as was done in the case cited. The court held that the failure to give immediate notice, as required under the circumstances, was not such notice as required by the policy, but stated that in its opinion "the provision of the policy requiring immediate notice was a valid provision and *substantial compliance* with it was a condition precedent to the right to recover under it." We are of the opinion that the facts contained in the memoranda as to the conversation between Hanrahan and Dillon did not show an unequivocal disclaimer as to any liability so far as Scott was concerned, both because of the indefiniteness of the agreement and understanding and because of the fact that Scott was not present nor notified of the position, if any, taken by the defendant.

It is also insisted that the action is premature because of the failure of Scott to pay the judgment and to prosecute the suit to a final judgment by a court of last resort. The policy, however, contains a clause to

the effect that "the insurer will defend any suit brought against the assured to enforce a claim covered by the policy." After the procurement of the judgment in the superior court of Cook county, plaintiff advised the defendant of the fact that a judgment had been obtained against him and that a bond should be filed within 30 days in order to perfect an appeal from that judgment. Counsel for the defendant represented Hanrahan as a defendant in that proceeding and knew that Scott was defending through his own counsel and was fully cognizant of the judgment and of the facts introduced in evidence concerning the accident. Under the clause of the policy, the defendant was obligated to defend Scott in the personal injury action and was equally obligated to perfect the appeal after the judgment. *Ferry v. National Motor Underwriters,* 244 Ill. App. 241; *Rochester Mining Co. v. Maryland Casualty Co.,* 143 Mo. App. 555.

Under all the circumstances in this case and in view of the fact that the defendant was fully cognizant of the circumstances and knew that Scott was covered by the policy, we are of the opinion that the present defense, namely, failure to give immediate notice, comes too late to be raised for the first time in an action by Scott under the policy. *Indemnity Ins. Co. of North America v. Forrest,* 44 F. (2d) 465. The obligation was not alone upon Scott or someone on his behalf to give immediate notice, but there was also an obligation on the part of the defendant, knowing that Scott was covered by the policy, to have notified him at the earliest opportunity that it would not recognize his rights under the policy. The failure of the company to so notify Scott amounted to a waiver of this condition.

For the reasons stated in this opinion, the judgment of the superior court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and FRIEND, J., concur.