## Warren Springer v. Merchants National Bank.

1. APPEAL—*Right of, not Waived by Payment of Judgment.*—Payment of a judgment by the judgment debtor, he being induced to do so by a business necessity to relieve his real estate from the lien of the judgment, is not a waiver of his right to prosecute his appeal previously taken.

2. SAME—*Power of Courts Over, After the Expiration of the Term.*—A court has no authority to vacate an order allowing an appeal, except by the consent of the parties, after the expiration of the term at which such order is made.

Appeal from the Superior Court of Cook County. Heard in this court at the October term, 1896, on a motion to dismiss the appeal with damages. Motion sustained and damages awarded. Opinion filed October 19, 1896.

W. N. GEMMILL, attorney for appellant.

FRANK P. LEFFINGWELL, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

February 29, 1896, the appellee recovered in the Superior Court a judgment against the appellant of $4,884.24, from which this appeal was perfected March 18, 1896.

August 18, 1896, without—so far as the record shows—any notice to the appellee, the appellant paid into court (as the order says for the sole use of the appellee) the amount of the judgment, interest and costs, and thereupon the court ordered that the appeal " be vacated and set aside, said judgment be satisfied, and the same is satisfied accordingly."

September 2, 1896, the record recites (there is no bill of exceptions) that the motion of the appellee to vacate the order of August 18th, was denied.

No record was filed here until the 9th day of this term, which was seven days too late.    Sec. 73, Ch. 110 R. S.

The appellee now moves to dismiss the appeal with statutory damages, which motion is resisted by the appellant.

The payment by the appellant of the judgment—he being induced so to do by a business necessity to relieve his real estate from the lien of the judgment—did not waive his right to prosecute his appeal.   2 Ency. Pl. & Pr., 181.

Had the appellee accepted the money, it might have been a waiver of any claim for damages.    Ruckman v. Alwood, 44 Ill. 183.

But being in the court, was no such acceptance.    Ibid.

The order of the court vacating the appeal was a nullity. The court had no jurisdiction.    All control over the case by that court had ceased.    If the court could vacate the appeal—except by consent (Humphreyville v. Culver, 73 Ill. 485), it might do so at the instance of either party, and for any reason that commended itself to the court; and there might be appeals vacated on application of the appellee, because he could probably get his money sooner by execution at once, than after the decision of a higher court; or because the court was sure that the judgment would be affirmed, and therefore the appeal was vexatious.

The motion of the appellee to dismiss is therefore sustained, with $249.21 awarded as damages and costs against the appellant.