ARTHUR N. SEESSEL *v.* NEW AMSTERDAM CASUALTY Co.

(*Jackson.* April Term, 1918.)

**INSURANCE.** Indemnity insurance. Liability.

Under indemnity policy by which insurer agrees to defend suits, where judgment against insured exceeds insurer's liability, the insurer must either provide the required supersedeas bond, and appeal, or pay the agreed liability.

Cases cited and approved: Pacific Coast Casualty Co. v. General Bonding Co., 240 Fed., 36; Rochester Mining Co. v. Maryland Casualty Co., 143 Mo. App., 555.

Case cited and distinguished: Casey-Hedges Co. v. Southwestern Surety Co., 201 S. W., 137.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County. —HON. F. H. HEISKELL, Chancellor.

LEO GOODMAN, for appellant.

I. H. PERES and R. E. KING, for appellee.

MR. JUSTICE FENTRESS delivered the opinion of the Court.

The bill in this cause seeks a recovery against the defendant upon a policy of indemnity issued by it to the complainant. The chancellor rendered a decree for the latter, and the company has appealed to this Court.

The defendant, in consideration of the premium paid, issued to Seessel its policy or indemnity bond, whereby it agreed to indemnify him, to the extent of $5,000 against loss he might sustain, on account of personal injuries suffered by any one while upon the elevator operated in his butcher shop and store in Memphis. The contract also provides that the defendant shall pay for "first aid" surgical attention that may be given to such injured person.

During the life of the policy one Hopgood, an employee of the complainant, was seriously injured while operating this elevator, and sued the complainant in the Federal District Court for Western Tennessee. Notices of the injury and of the institution of the suit were duly given to the company, and it, with the assistance of counsel employed by Seessel, defended the action. It resulted in a judgment against complainant for $15,000.

Before the expiration of the time for perfecting an appeal, the defendant demanded that complainant execute a *supersedeas* bond, in the required sum of $30,000, in order that execution upon the judgment should be suspended during the pendency of the appeal to the United States Circuit Court of Appeals. To this request complainant replied that he was unable to obtain a surety for this amount, and insisted that the defendant was obligated to make the bond. The *supersedeas* bond not having been made, execution issued upon the judgment, and a levy was threatened.

While execution was in the hands of the United States marshal, complainant disclosed to counsel for Hopgood his financial condition, which showed that his net worth was quite insufficient to, pay the judgment, and stated that levy of the execution would force him into bankruptcy. Thereupon he settled the judgment by payment to Hopgood of $6,500 and costs of suit.

The decree in this case was for the amount of the policy, court costs, and surgical bill paid by complainant, and the statutory penalty; the chancellor having found that the refusal of the defendant to pay the indemnity provided in its policy, or to perfect the appeal, was not made in good faith.

The conditions of the policy which it is necessary to notice are as follows:

"Condition C. If thereafter any suit is brought against the assured to enforce such a claim for damages, the assured shall immediately forward to the home office of the company every summons or other process as soon as the same shall have been served on him, and the company will defend such suit, whether groundless or not, in the name and on behalf of the assured. The expenses incurred by the company in defending such suit, including costs, if any, taxed against the assured, will be borne by the company, whether the verdict is for or against the assured, irrespective of the limits of liability expressed in condition O hereof. The company shall have the right to settle any claim or suit at any time.

"Condition D. The assured shall not voluntarily assume any liability, nor shall the assured, without the written consent of the company previously given, incur any expense or settle any claim, except at his own cost, nor interfere in any negotiations for settlement or in any legal proceeding conducted by the company on account of any claim, except that the assured may provide, at the time of the accident and at the cost of the company, such immediate surgical relief as is imperative. Whenever requested by the company, the assured shall aid in securing information and evidence and the attendance of witnesses, and in effecting settlements and in prosecuting appeals."

Did these provisions of the contract obligate the defendant to furnish the surety upon the supersedeas bond?

In the recent case of *Casey-Hedges Co. v. Southwestern Surety Co.,* 201 S. W., 137, this court, in an opinion delivered by Mr. Justice GREEN, in considering the obligation of a surety, where the conditions of the bond were not materially different from the conditions in the bond under examination, said:

"Under the stipulations of the policy the insured has no control of the course of the litigation after the liability company undertakes the defense. Any interference on the part of the assured may forfeit his rights under the policy. He has no voice whatever in determining the propriety of an appeal."

It is obvious that this is true as to this policy. It would be difficult to conceive of language which would more completely vest the control of the suit in the surety and take it out of the control of the assured.

The policy is silent as to who should furnish *supersedeas* or other bonds, should the necessity arise; but we are of the opinion that the obligation was upon the defendant to do everything incident to the defense of the suit. The contract does not provide that it could abandon the defense in the event it became necessary to make a *supersedeas* bond for an amount within or beyond its agreed liability. For the court to so hold would be to put a condition in the contract that was not in the agreement of the parties.

The fact that, if the defendant had provided security upon the *supersedeas* bond, its liability would have been increased beyond the amount of the indemnity in the policy, did not justify the company in refusing to either pay to the limit of its policy or defend the suit. The prospective financial condition of the complainant, the possibility of a judgment against him for more than $5,000, and the liability incident to making a *supersedeas* bond to cover such a judgment, are matters which the indemnity company should have had in contemplation, and the risk incident thereto rightfully falls upon it.

The law does not release a party to a contract from liability already incurred, because, in order to

140 Tenn.—17.

remove that liability, it becomes necessary to incur the risk of greater liability.

It has been held by other courts, in construing policies containing conditions essentially similar to these, that the obligation was upon the surety, when dissatisfied with the judgment obtained against the principal, to provide the bond for appeal and protect the insured from execution until the suit is terminated. *Pacific Coast Casualty Co.* v. *General Bonding Co.*, 240 Fed., 36, 153 C. C. A., 72; *Rochester Mining Co.* v. *Maryland Casualty Co.*, 143 Mo. App., 555, 128 S. W., 204.

The other questions involved in the case have been disposed of in a memorandum opinion.