CAROLYN K. SCHROEDER, as Administratrix, etc., of HARRY A. SCHROEDER, Deceased, Plaintiff, v. COLUMBIA CASUALTY COMPANY, Defendant.

Supreme Court, New York County, December 16, 1925.

Judgments — summary judgment — typographical error in complaint corrected on motion for judgment — insurance — casualty insurance — action by administratrix, under Insurance Law, § 109, to recover amount of judgment previously obtained under Decedent Estate Law, § 130, against assured, now claimed to be insolvent — amount of insurer's liability fixed at date of accident and not at date of death of person injured — policy indemnified assured against " liability imposed by law " for damages on account of " bodily injuries " including death therefrom — "liability imposed by law " not fixed until appeal from judgment against assured finally determined.

On a motion for summary judgment a typographical error in the complaint may be corrected and the complaint will be deemed corrected for the purposes of the motion.

Under a policy of casualty insurance " respecting bodily injuries, including death at any time resulting therefrom," the amount of the insurer's liability is fixed by the provisions of the policy existing at the date of the accident and not at the date of the death of the person injured.

Under the provisions of the policy, agreeing " to indemnify the assured against loss by reason of the liability imposed by law upon the assured for damages on account of such bodily injuries," the " liability imposed by law " is not fixed until all appeals from the judgment against the assured have been finally determined.

Accordingly, a motion for summary judgment will be denied, in an action against the insurer, under section 109 of the Insurance Law, to recover under the terms of the policy, the insured being insolvent, the amount of a judgment previously obtained against the assured, in an action brought under section 130 of the Decedent Estate Law, where it appears that an appeal has been taken from the judgment against the assured, which is still undetermined.

MOTION by plaintiff for summary judgment and to amend complaint.

*Compton & Delaney* [*Frank C. Delaney* and *Francis de L. Cunningham* of counsel], for the plaintiff.

*Robert H. Woody* [*Everett F. Warrington* of counsel], for the defendant.

JAMES O'MALLEY, J.    Plaintiff moves for summary judgment and in connection therewith to correct an obvious typographical error in the complaint by substituting one date for another.    The motion in so far as it prays for the correction will be granted, and the date deemed corrected for the purposes of the motion for summary judgment.

This action against the defendant insurance company is based upon section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639).    It seeks, under the terms of the policy, to recover the amount of a judgment previously obtained by the plaintiff against the Aberdeen Hotel Company, Inc., the defendant's insured, claimed to be uncollectible by reason of the alleged insolvency of the insured.

The original action was brought under the authority of section 130 of the Decedent Estate Law (as added by Laws of 1920, chap. 919) for damages resulting from the death of the plaintiff's intestate alleged to be due to the negligence of the hotel company in an accident which occurred September 25, 1922.    The verdict was for $7,000, and the judgment with interest and costs amounts to $8,745.60. Execution on such judgment has been returned unsatisfied.

Defendant's liability under its original policy was limited to $5,000 for death of one person, and was so fixed at the time of the accident which occurred at eleven-forty in the forenoon.    Almost immediately following the accident and at noon of the same day, an indorsement to the policy was added increasing such liability to $10,000.    The decedent died November 2, 1922.

Two questions are presented.    The first relates to the amount of the liability; the second to the question of whether the liability of the defendant under its policy has become fixed.    The plaintiff contends that the defendant's liability is fixed, and that this amount is $10,000.    The defendant contends that its liability in any event is limited to $5,000, with costs and interest, and alleges as a defense that its liability is not fixed because an appeal taken from the judgment is still pending.

Respecting the amount of the liability the plaintiff contends that the date of the death of the decedent, and not the time of the accident, controls.    It is urged that just as decedent's action abated with his death, the plaintiff's did not accrue until his death; and that just as the decedent's injuries gave rise to one cause of

action personal to himself, his death gave rise to an entirely distinct cause of action to the plaintiff under the statute. (Decedent Estate Law, § 130.) Reference to the language of the policy is also had to sustain this contention.

I am unable to agree with the construction plaintiff attempts to place upon the statute and the language of the policy. While it is true that her right of action for the " wrongful act, neglect or fault " (§ 130, *supra*) did not arise until the death of the decedent, such right is based upon the " wrongful act, neglect or fault " of the insured. This concededly occurred on September 25, 1922. While the company's liability under the policy, be it $5,000 or $10,000, is " on account of bodily injuries to, or the death of one person," it recites that the agreement between the parties is " respecting bodily injuries, including death at any time resulting therefrom." It is the injury, therefore, it seems to me, that was insured against and which creates the liability. Because the injury insured against may result in death for which the defendant is also liable, does not affect the time of the attachment of its liability, created by virtue of the injury.

In considering the defense that the defendant's liability had not become fixed under the terms of its policy other of its provisions must be considered. The defendant agrees " to idemnify the assured against loss by reason of the liability *imposed by law* upon the assured for damages on account of such bodily injuries " (italics mine); and pursuant to the provisions of section 109 of the Insurance Law it contains the following provision: " E. The insolvency or bankruptcy of the Assured covered by this policy shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the life of the policy, and in case execution against the Assured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, because of such insolvency, or bankruptcy, an action may be maintained by the injured person or his or her personal representative against the Company under the terms of the policy for the amount of the judgment in said action not exceeding the limits of the policy."

The gist of the defense interposed by the defendant is that an appeal has been taken from the judgment which is still undetermined; that such an appeal is being diligently prosecuted and that liability " imposed by law " will not become fixed until termination of such appeal. It contains no allegations that execution had not been returned unsatisfied or that the judgment debtor is solvent. On the contrary, I am satisfied from the proof submitted by the plaintiff that the insolvency of the judgment debtor has been

established and that the return of execution unsatisfied was by reason of such insolvency. It further appears, without dispute, that the defendant has filed no bond to stay execution but has otherwise perfected the appeal. In these circumstances the plaintiff argues that she has established her right to maintain this action; that the defense interposed is without merit, and that the defendant's liability at this time is fully established.

With this contention of the plaintiff I cannot agree. Under the policy the insured was required to co-operate with the company in the defense of the action and in any appeal. In such circumstances the insured, had it been solvent, would not, I think, be permitted to refuse to co-operate in the appeal, but instead pay the judgment and bring action at this time against the defendant. In the circumstances I do not see how the plaintiff in this action can claim greater rights than the insured would have. (*Roth* v. *National Automobile Mutual Casualty Co.*, 202 App. Div. 667; *Schoenfeld* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 203 id. 796.) On the appeal the judgment now sought to be enforced may be reversed. If such were the outcome of the appeal the defendant might find itself without recourse against a plaintiff financially irresponsible.

My conclusion is that the " liability imposed by law " provided for in the policy has not yet been fixed, and will not be so fixed until all appeals the defendant sees fit to take have been finally determined.

Motion to amend as before indicated is granted, but motion for summary judgment denied, with ten dollars costs. Settle order on notice.