ANNA YOUKNOT, as Administratrix, etc., of JOHN YOUKNOT, Deceased, Plaintiff, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.*

Supreme Court, New York County, February 21, 1935.

* Affd., 245 App. Div. 705.

*Mackey, Herrlich & Breen,* for the plaintiff.

*Jenkins, Dimmick & Finnegan* [*John P. Wourms* of counsel], for the defendant.

CALLAHAN, J.    This motion for summary judgment is granted, and judgment is directed to be entered in favor of plaintiff and against defendant for the sum of $5,000, with interest on the judgment against the assured from the date of the entry of same, and taxable costs as entered in the action against the assured.    This seems to be the limit of liability under the policy.    This case differs from *Schroeder* v. *Columbia Casualty Co.* (126 Misc. 205), in that here there is no provision for co-operation by the assured on an appeal.    However, the policy does provide for payment to the assured only on entry of final judgment.    But it seems to me that the statute (Insurance Law, § 109) makes the return of execution unsatisfied as the sole condition precedent to action against the insurance company.    Though the statute provides for action " under the terms of the policy," the policy could not contain any provision depriving the injured person of rights expressly granted in the statute.    I see no essential difference between the question involved herein and those involved in *Stone* v. *Ætna Life Ins. Co.* (240 App. Div. 1027).

Settle order.