ADELSON MATERAZZI, Respondent, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant.*

Supreme Court, New York County, June 14, 1935.

*Affd., 246 App. Div. 522.

*Carl R. Wittekind* [*Jacob Hirsch* of counsel], for the plaintiff, in support of motion for summary judgment.

*Leo F. Potts* [*Paul J. McCauley* of counsel], for the defendant, in opposition to motion for summary judgment.

SHIENTAG, J. The defendant herein issued to the San Dis Engineering Corporation a policy of casualty insurance, by the terms of which it agreed to indemnify the insured against loss " from liability imposed by law " for damages resulting from accident to or otherwise suffered by third persons for which the assured was liable. The limits of the liability under the policy were fixed at $20,000 for injury or death to one person and $75,000 for injury or death to more than one person.

While the policy was in full force and effect, plaintiff was injured and brought an action in negligence against the San Dis Engineering Corporation to recover damages therefor. The defendant, pursuant to terms of its policy, undertook the defense of that action and furnished its counsel to the assured. A verdict in favor of the plaintiff for $28,000 was rendered, upon which judgment in the sum of $28,188.40 was entered against the engineering corporation. After the expiration of a thirty-day stay execution upon the aforesaid judgment was issued to the sheriff of the county of New York and was returned wholly unsatisfied. Within the time limited by law for so doing the San Dis Engineering Corporation appealed to the Appellate Division, First Department, from the judgment entered against it and that appeal is now pending and undetermined. No bond to secure payment of the judgment or any part thereof has been furnished and the assured has been adjudicated a bankrupt.

Upon the return of the execution unsatisfied, plaintiff instituted the present action against the insurance company to recover the sum of $20,188.40, the limit of its liability under its policy. The complaint is predicated upon the provisions of section 109 of the Insurance Law of the State of New York, which gives an injured person who has recovered a judgment against an insolvent defendant the right to maintain an action against the insurer " under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

The answer of the defendant alleges that until the pending appeal from the judgment is determined the liability " imposed by law upon the assured " has not accrued and the action against the

insurance company is, therefore, premature. No material question of fact is raised by the pleadings and the plaintiff has moved for summary judgment pursuant to the provisions of rule 113 of the Rules of Civil Practice.

The question of law that arises is whether, under the circumstances herein, the action against the insurance company carrier may be maintained under the provisions of section 109 of the Insurance Law of 1917, chapter 524, as amended by chapter 639 of the Laws of 1924, prior to the determination of the appeal from the judgment obtained against the assured. That section reads as follows: " Standard provisions for liability policies. No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or, against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall be issued or delivered in this state by any corporation or other insurer authorized to do business in this state, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

The language of the statute indicates two essential requisites for the maintenance of an action against an insurance carrier — a proper judgment, and an unsatisfied execution thereon. Both of these are present here. The defendant contends, however, that the assured's " liability imposed by law," provided for in the policy, has not accrued and will not be fixed until all rights of appeal from the judgment against it have been exhausted and further contends that the " judgment " referred to in the statute means a final judgment after the exercise or abandonment of such rights of appeal.

With these contentions of the defendant I cannot agree. The statute is remedial in nature and should not be narrowly construed. The language is clear and unambiguous. The plaintiff, in the absence of a bond staying execution pending the appeal, should not be deprived of his statutory rights nor compelled to forego their enforcement until all the incidents of appeal are disposed of.

" The purpose of the provision is apparent. It is made for the benefit of persons injured or suffering damage and not solely for the benefit of the insured \* \* \*. Any agreement which limits the full force and effect of this statute is illegal." (*Bakker* v. *Ætna Life Insurance Co.*, 264 N. Y. 150, 153; *Coleman* v. *New Amsterdam Casualty Co.*, 247 id. 271.)

If the Legislature had intended that the judgment against the assured must be one finally settling the rights of the parties in the negligence action beyond all appeal, appropriate and different language would have been employed. The statute gives a cause of action " for the amount of the judgment " and does not speak of a final judgment or a judgment after appeal. " The liability imposed by law," as expressed in the policy, is fixed upon the entry of judgment in the action and is not dependent upon subsequent proceedings by way of appeal. (*Schoenfeld* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 203 App. Div. 796; *755 Seventh Ave. Corp.* v. *Carroll*, 266 N. Y. 157, 161; *Shaw* v. *Citizens Casualty Co.*, 241 App. Div. 399.)

This conclusion is fortified by reference to other provisions of the policy:

" G. Assured's Right of Recovery. No action shall lie against the Company to recover for any loss and/or expenses covered by this Policy, arising or resulting from claims upon the Assured for damages, unless it shall be brought by the Assured for loss and/or expense actually sustained and paid in money by him after actual trial of the issue \* \* \*.

" H. Insolvency or Bankruptcy of Assured. The insolvency or bankruptcy of the Assured shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the life of the Policy and in case execution against the Assured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident; because of such insolvency or bankruptcy, then an action may be maintained by the injured person or his or her personal representative against this Company, under the terms of this Policy, for the amount of the judgment in the said action not exceeding the amount of this Policy."

Considering the language employed in paragraph " G " of the policy in conjunction with the insurance carrier's agreement to indemnify the assured " against loss and/or expense by reason of the liability imposed by law upon the assured for damages on account of bodily injuries," it appears manifest that irrespective of the mandate of the Insurance Law, the parties themselves intended to fix the liability of the insurer immediately follow-

ing the actual trial of the issue against the assured. It was not contemplated, even in the policy, that such liability should not accrue until all possibilities of appeal had also been invoked. The liability imposed by law upon the assured was fixed after the " actual trial of the issue " and entry of judgment thereafter. By fair intendment of the parties, as reflected in the language employed and irrespective of the clear import of the statute, it follows that upon return of an execution unsatisfied by reason of the insolvency or bankruptcy of the assured, the plaintiff became vested with the cause of action sued upon herein. If there was any doubt at all as to the meaning of the term " judgment " as used in the statute, such doubt is dispelled by the language of the policy.

I am not unmindful of a contrary conclusion arrived at in *Schroeder* v. *Columbia Casualty Co.* (126 Misc. 205). The authority of that case has been considerably impaired by decisions construing the provisions of section 282-b of the Highway Law, now section 17 of the Vehicle and Traffic Law. (*Pape* v. *Red Cab Mutual Casualty Co.*, 128 Misc. 456; *McDermott* v. *Concord Casualty & Surety Co.*, 148 id. 323; *Imber* v. *Consolidated Indemnity & Insurance Co.*, 147 id. 758; affd. without opinion, 240 App. Div. 820.)

While the two statutes are by no means alike, a somewhat analogous situation presented itself in determining rights of an assured and liabilities of an insurance company in a policy of insurance that had been issued pursuant to the provisions of section 17 of the Vehicle and Traffic Law. That section provides in part as follows: " 1. Every person, firm, association or corporation engaged in the business of carrying or transporting passengers for hire and any motor vehicle * * * shall deposit and file with the commissioner of motor vehicles for each motor vehicle intended to be so operated, either a personal bond, with at least two sureties approved by the commissioner, a corporate surety bond or a policy of insurance in a solvent and responsible company authorized to do business in the state, approved by the commissioner, in the sum of two thousand five hundred dollars, conditioned for the payment of any judgment recovered against such person, firm, association or corporation for death or for injury to persons or property caused in the operation, maintenance, use or the defective construction of such motor vehicle."

While it is true that there is a difference between the respective liabilities imposed upon an insurer by section 109 of the Insurance Law, as distinguished from section 17 of the Vehicle and Traffic Law, the purpose and spirit of both are the same. The State, in both instances, has recognized a definite obligation to protect injured persons and to impose definite liability upon carriers engaged in

casualty undertaking, whether the insured voluntarily procures a policy of indemnity regulated by the insurance statute or is required to do so under the provisions of the Vehicle and Traffic Law.

In *Pape* v. *Red Cab Mutual Casualty Co.* (*supra*) the plaintiff had recovered judgment for personal injuries arising out of a taxicab accident. Notice of appeal from the judgment was filed, but no bond was furnished to stay execution. Plaintiff then brought action against the insurer under its policy and pursuant to the provisions of what was then section 282-b of the Highway Law. In that case the policy provided as follows: " No action shall be maintained against the corporation under this policy unless brought after the amount of the loss shall have been fixed either by a final determination of the litigation after trial of the issue or by agreement between the parties with the written consent of the corporation."

The defendant contended that by reason of the pendency of the appeal in the action against the principal, there was such a lack of final determination of the main litigation as to impose any liability upon it under the insurance policy. In rejecting this argument, the Appellate Term of this department held as follows: " The express language of the clause in the policy would seem to indicate that it was not intended to fix the insurer's liability upon the determination of the litigation beyond all possibilities of appeal. If there were any doubt in the matter, it is disposed of by the mandatory language of section 282-b of the statute in question which makes the indemnitor liable ' for the payment of any judgment recovered ' against the principal." (128 Misc. at p. 457.)

The provisions of the Insurance Law are as clear and as emphatic as those of the Vehicle and Traffic Law. Moreover, nowhere in the instant policy of insurance is there any reference to a final judgment or a final determination. I can find no essential difference between the purpose and intent of the respective provisions of these statutes in so far as the right to maintain the present action is concerned. The argument that the insurance carrier may be prejudiced if it had to pay the amount of its liability now and the pending appeal from the judgment against the assured resulted in a reversal thereof, has no merit. An apt answer to the contention may be found in the striking language of Chief Justice TAFT: " It is to be remembered that the assumption of liability by the insurance company under section 109 is entirely voluntary. It need not engage in such insurance if it chooses not to do so. * * * It secures to the injured person the indemnity which his insurer has provided for himself in advance to avoid payment for the injury. But the clause becomes operative only in the event of the insolvency or bankruptcy of the assured when he can no longer use

the indemnity to pay the injured person as he should. The title to the indemnity passes out of the bankrupt or insolvent person and vests in whom the contract and the state law declares it should vest. The assured is divested by the terms of the instrument under which the interest of the assured and the interest of the injured then contingent, and now absolute, were created." (*Merchants Liability Co.* v. *Smart*, 267 U. S. 126, 130, 131.)

If the insurer failed to file a bond and the assured were obliged to pay the full amount of the judgment, the insurer would have become immediately liable to the assured for the amount of its obligation under the policy. (*Upton Cold Storage Co.* v. *Pacific Coast Casualty Co.*, 162 App. Div. 842.) (See, however, *Kennelly* v. *London Guarantee & Accident Co., Ltd.*, 184 App. Div. 1, where it was held that the insurer discharged its obligation to the insured by offering to file a bond for stay of execution up to the amount of its own liability.)

But it is urged that a certain element of hardship may arise where a judgment for personal injuries is greater in amount than the obligation assumed by the insurer under its policy. It has been held, for example, in an action brought against an insured under section 17 of the Vehicle and Traffic Law that summary judgment would lie, although in the action for personal injuries the insurer filed a bond for the amount of its obligation which was less than that of the judgment obtained. (*Imber* v. *Consolidated Indemnity & Insurance Co., supra.*)

It was strongly urged that while the filing of a bond for an amount less than the judgment could have no effect in staying execution thereunder, pursuant to sections 594 and 614 of the Civil Practice Act, it should operate to postpone the liability of the insurer to pay pending final disposition on appeal. That view was rejected in the case just cited. Perhaps an amendment to the statute may be desirable. (See, however, *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Seessel* v. *New Amsterdam Casualty Co.*, 140 Tenn. 253; 204 S. W. 428; *Commercial Casualty Ins. Co.* v. *Fruin-Colnon Cont. Co.*, 32 F. [2d] 425.) Under the present state of the law, the insurer, to stay execution, might file a bond on appeal from the summary judgment awarded against it and endeavor to have that appeal and the appeal from the personal injury judgment heard at the same time. (Cf. *Shapiro* v. *Equitable Casualty & Surety Co.*, 256 N. Y. 341.)

Since the foregoing opinion was prepared I have learned of several unreported decisions which clearly sustain the position here taken. In *Stone* v. *Ætna Life Insurance Co.* (N. Y. L. J. Aug. 26, 1933, p. 665), Mr. Justice STEUER, without opinion, granted a motion for

summary judgment, in an action brought under section 109 of the Insurance Law, on a state of facts similar to the instant case. His decision was affirmed (240 App. Div. 1027), without opinion. In *Youknot* v. *U. S. Fidelity & Guaranty Co.* (158 Misc. 83), Mr. Justice CALLAHAN, in a brief memorandum, likewise granted summary judgment, although the policy there provided for payment to the assured only on the entry of final judgment. That decision was affirmed by the Appellate Division (245 App. Div. 705), without opinion.

The motion for summary judgment is granted and the clerk directed to enter judgment in favor of the plaintiff for the relief demanded in the complaint. Twenty days' stay of execution.