Argued July 15, affirmed October 7, 1959
# HECHT *v.* JAMES AND FARMERS MUTUAL INSURANCE CO.
### 345 P. 2d 246

*Harry Samuels* argued the cause for appellant. On the brief were Vergeer & Samuels and Charles S. Crookham, Portland.

*C. S. Emmons* argued the cause for respondent. On the brief were Willis, Kyle & Emmons, Albany.

Before McALLISTER, Chief Justice, and PERRY, SLOAN and CRAWFORD, Justices.

SLOAN, J.

This case is incidental to that of *Hecht v. James,* 218 Or 463, 345 P2d 243, this day decided. That case was an action for damages for personal injury. Plaintiff recovered a verdict against defendant William James in excess of $34,000 and judgment was entered accordingly. The defendant in that case appealed from the judgment. The garnishee herein, Farmers Mutual Insurance Company of Enumclaw, was bound to the defendant in the damage action upon a liability insurance policy which limited the liability of that company to $20,000.

When the appeal in the damage action was taken and the garnishee insurance company served and filed the appeal bond, it purported to file a supersedeas bond. However, the bond was also limited to an obligation of $20,000. When this bond was filed the plaintiff caused execution to issue on the judgment and attempted to attach the proceeds of the insurance policy above mentioned. ORS 23.230. Plaintiff's theory was, of course, that the bond filed did not stay execution. Appropriate pleadings and interrogatories were filed and thereafter the trial court entered a judgment on the pleadings against the garnishee insurance company. The garnishee appeals from that judgment.

There is one assignment. The appellant garnishee contends that an issue of fact was tendered by the answer filed by the garnishee. The allegation relied on was that at the time the garnishment was served "all [the] funds held by this insurance company for eventual payment upon said judgment were pledged by this company to the General Casualty Company of America for the issuance of a Bond * * * filed in the appeal in the entitled cause. That garnishee therefore has no money or funds belonging to William James upon which garnishment could issue." Does this allegation, if true, present a defense to the attempted garnishment? We think not.

The appeal bond filed in the damage action did not unqualifiedly obligate the bondsman to "satisfy [the judgment] so far as affirmed." ORS 19.040(1)(a). Therefore, the appeal bond did not stay levy of execution on the judgment. It was ineffectual to fulfill this purpose. *Daly v. Wolfard Bros., Inc.,* 204 Or 241, 261 P2d 679, 262 P2d 917. Neither could the garnishee escape its obligation on its policy with the claim that it had divested itself of all funds held for the benefit of the defendant William James. ORS 736.320 fixes the liability of the insurance company after judgment. It provides that, "if such judgment is not satisfied within 30 days after it is rendered, then such [injured] person or his legal representatives may proceed against the company to recover the amount of such judgment, either in law or in equity, but not exceeding the limit of his policy applicable thereto." Attachment proceedings against the insurance company to enforce the judgment are authorized by ORS 23.230. We have not mentioned the provisions of the policy of insurance which was a part of the pleadings. It is axiomatic that the statute would control the policy, regardless of the provisions of the latter.

Some courts, without a similar statute, have held that an appeal without a stay bond permits enforcement of the appealed judgment against the defendant's insurance company. *Nikkari v. Jackson*, 226 Minn 393, 33 NW2d 36; *Gooschin v. Mercer Casualty Co.*, 178 Wash 114, 34 P2d 435. In *Consolidated Underwriters v. Richards' Adm'r.*, 276 Ky 275, 124 SW2d 54, a like result was reached upon policy requirements similar to those in our statute. The rule is recognized by other courts. 8 Appleman, Insurance Law and Practice 253 et seq., § 4854. New York was apparently the first state to enact a statute permitting direct action against an insurer upon the bankruptcy, insolvency or inability of the insured to satisfy a judgment against the insured. The statute was enacted to avoid the rule that the insolvency of the insured avoided the liability of the insurer. Other states, including Oregon, have adopted similar statutes. The New York courts have held that an appeal does not stay action for the collection of a judgment pursuant to this statute when an insufficient appeal bond has been filed. *Imbler v. Consolidated Indemnity and Ins. Co.*, 147 Misc. 758, 264 NYS 554. This last case was cited and approved in *Materazzi v. Commercial Casualty Ins. Co.*, 157 Misc 365, 283 NYS 942 (affirmed without opinion, 246 App Div 522, 283 NYS 430, motion to appeal denied 246 App Div 581, 284 NYS 358.) In Materazzi no appeal bond was filed.

*New Jersey Fidelity & Plate Glass Ins. Co. v. Clark*, 9 CCA, 33 F2d 235, decided that:

"* * * It would seem that it was the intent and purpose of this statute [ORS 736.320] to subrogate the rights of the injured party to the rights of the assured upon the contingencies named and to give the injured party all the rights which the insured would have if he had paid the judgment,

or if bankruptcy or insolvency had not intervened, including the right to recover costs and interests irrespective of the limits of liability contained in the policy."

We recognize that some courts have held that an appeal, even without a supersedeas bond, does act to stay enforcement of a judgment against a liability insurance company. In some cases, as in *Lechleitner v. Cummings*, 160 Kan 453, 163 P2d 423, no statute was involved. In others like *Ancateau v. Commercial Casualty Ins. Co.*, 318 Ill App 553, 48 NE2d 440, the only statute involved permitted direct action against an insurance company only upon the insolvency or bankruptcy of the insured. The positive language of ORS 736.320 is not to be found in any of the other cases. We refer to the part of the statute previously quoted: "if such judgment is not satisfied within 30 days after it is rendered." The language requires no interpretation and permits the action at any time after the period specified. It can only be avoided by a supersedeas meeting the requirements of ORS 19.040. It cannot be contended that garnishment is not available for a tort action as held in *Ancateau v. Commercial Casualty Ins. Co.*, supra, and other cases collated at 125 ALR 755. ORS 23.230 is a complete answer to such an argument.

We have found no case with statutes even similar to ours which has held that an appeal without a supersedeas bond stays action to collect the judgment from an insurance company. And, as mentioned, we have found no other statutory scheme which so positively and effectively determines the issues presented by this case.

The judgment is affirmed.