181 So.2d 662 (1966)
RESERVE INSURANCE COMPANY, a foreign corporation authorized to do business in the State of Florida, Appellant,
v.
Adelaide G. McPEAK, Appellee.
No. G-317.
District Court of Appeal of Florida. First District.
January 6, 1966.
Rehearing Denied February 3, 1966.
*663 Hall, Hartwell & Hall, Tallahassee, for appellant.
W. Dexter Douglass and W.K. Whitfield, Tallahassee, for appellee.
JOHNSON, Judge.
This is an appeal from final judgment of circuit court, Leon County, Ben C. Willis, J., tried without a jury, wherein the court awarded McPeak damages of $7876.10 plus $364.26 interest and attorneys fees of $2746.78.
Appellant had insured appellee's automobile under the 10,000/20,000 dollar policy. After an accident and trial, wherein the appellee was one of the defendants, a judgment in the amount of $15,000 was entered against all defendants. Two automobiles were involved in the accident resulting in the injury to a passenger in one. The court found the driver of the McPeak car guilty of gross negligence and the other car of simple negligence. Notice of appeal was filed by the appellant here on April 6, 1964, on behalf of McPeak.
The judgment holder took out execution and made levy on property of McPeak for the full amount of the judgment, $15,000. The other defendant, owner of the other auto involved in the accident, offered to pay off half of the judgment, if McPeak would pay the other half. In order to stay sale of her property, McPeak paid off the judgment, her part, in the amount of $7876.10 and the judgment was satisfied. Thereafter, attorney for the judgment holder filed motion in the District Court of Appeal to dismiss appeal because the judgment had been paid. The court dismissed the appeal.
Appellee then brought suit against the appellant to recover her damages and attorneys fee and costs.
Appellant contended that the appellee had breached her contract of insurance (1) by paying the judgment without the consent of appellant-insurer and (2) by not posting the supersedeas bond or her part of it over the limits of the policy, which was $10,000.
The trial court ruled against the appellant and entered final decree in favor of McPeak for the amount paid to satisfy the judgment, plus interest and $2746.76 attorneys fees plus costs.
The appellant has alleged thirteen assignments of error, but has elected to rely upon only three points, in substance as follows: (1) appellant's failure to post supersedeas bond which had to be in excess of the policy limits, was not bad faith on part of the *664 appellant, and (2) the voluntary settlement of the judgment without the consent of appellant, thereby depriving appellant of its right of appeal, released appellant from liability, and (3) failure of the appellee to give proper notice of the accident released the appellant insurance company from liability.
Treating the third point, supra, first, we think it sufficient to say that the trial court found no merit in this contention, with which contention we agree.
The trial court answered the two remaining points with a well stated and reasoned negative. We treat the two questions together, because it is necessary to treat them so inasmuch as the second was brought about by failure of the appellant to do the act referred to in the first point, namely, post a supersedeas bond when notice of appeal was entered.
The evidence shows that the appellee, post judgment, gave notice to appellant that the judgment could be satisfied by paying one half thereof, or $7500 which was $2500 below the maximum policy limit. The insurer, appellant, had the option at that point, of paying off the judgment for $7500 or appealing. Having elected to appeal, it became the duty of the insurer to protect the insured to whatever extent necessary, against any damages or property losses. This is especially true in view of the fact that the insured had given notice to the insurer of its ability to settle below the maximum policy limit. The trial court said it was the duty of the insurer to insulate the insured from an execution of the judgment. We agree with this statement of the law.[1] The payment of a judgment after execution issued and levy made, is not such voluntary payment as to deprive the payor of his right of appeal in Florida and almost all other courts.[2] In this case, the insurer attempted to force the appellee-insured to put up extra collateral in order that appellant-insurer, might attempt to further relieve itself, not the insured, of payment of the judgment. The appellant made its choice not to settle the judgment at the reduced price nor to protect the insured from levy, and thereby became guilty of bad faith and liable for the resulting damages to the insured.
We think the trial court was correct in denying punitive damages or any other expenses or attorneys fees, than the amount allowed.
For the reasons stated herein, we concur in the trial court's findings and final judgment and the same is
Affirmed.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Seessel v. New Amsterdam Casualty Co., 140 Tenn. 253, 204 S.W. 428, and 71 A.L.R. 1482.
[2] Burrows v. Mickler, 22 Fla. 572; 4 Am.Jur.2d, App. & Er. 260; Springer v. Merchants' National Bank, 67 Ill. App. 317.