SIMPSON,
*Respondent,*

*v.*

SIMPSON,
*Defendant,*

OREGON AUTOMOBILE INSURANCE COMPANY et al,
*Appellant.*

(16-83-02801; CA A45782)

766 P2d 1055

William H. Martin, Eugene, argued the cause for appellant. With him on the briefs was Gleaves, Swearingen, Larsen & Potter, Eugene.

Donald A. Bick, Eugene, argued the cause for respondent. With him on the brief were Brad G. Garber and Bick & Monte, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Appellant, a surety, appeals a September, 1987, judgment against it on an undertaking on appeal. ORS 19.040. In May, 1984, plaintiff obtained a judgment for fraud against defendant Simpson for $125,563, and he appealed. In connection with that appeal, he posted the undertaking on which he was the principal and appellant was the surety. The undertaking bore the title "supersede[as] undertaking" and declared:

"WHEREAS, the above named defendant desires to give an undertaking as provided to be given in ORS 19.040 of the State of Oregon.

"NOW, THEREFORE, we, Defendant, as principal and OREGON AUTOMOBILE INSURANCE COMPANY, a corporation of the State of Oregon, authorized to act as Surety in the State of Oregon, hereby obligate themselves to the Plaintiff under the referenced statutory obligation in the sum of ONE HUNDRED TWENTY FIVE THOUSAND & FIVE HUNDRED SIXTY THREE DOLLARS ($125,563.00)."

We affirmed the judgment. *Simpson v. Simpson,* 83 Or App 86, 730 P2d 592 (1986).

In September, 1987, on plaintiff's motion, the circuit court granted her judgment against appellant in the amount of $125,563 plus costs and disbursements in the amount of $533.90, with interest from May 9, 1984, the date of the original judgment, until paid, plus $191.90 as costs on appeal, plus interest from July 16, 1987, the date of the appellate judgment, until paid. Appellant assigns as error that the court granted a judgment in excess of $125,563. We reverse.

Appellant asserts that its liability is limited to $125,563, even though the undertaking is entitled "supersede[as] undertaking." It argues that the undertaking states that the surety's liability is $125,563. It urges that the document must be read in the light of ORS 19.040(4), which limits the amount of the surety's liability:

"The liability of the surety shall be limited to the amount specified in the undertaking and such amount shall be stated in all appeal bonds and shall be fixed by the trial court or judge thereof unless it is in the minimum amount as provided in subsection (1) of this section."

Plaintiff, on the other hand, argues that appellant's

liability is the amount stated in the judgment, because the undertaking is a supersedeas, the parties intended it to stay the proceedings and she relied on it and refrained from executing on her original judgment pending the appeal. She asserts that the undertaking must be read in the light of ORS 19.040(1)(a):

> "The undertaking of the appellant shall be given in the minimum amount of $500 unless otherwise fixed by the trial court with one or more sureties, to the effect that the appellant will pay all damages, costs and disbursements which may be awarded against the appellant on appeal not exceeding the sum therein specified; but such undertaking does not stay the proceedings, unless the undertaking further provides to the effect following:
>
> "(a)    If the judgment appealed from is for the recovery of money, or of personal property or the value thereof, that if the same or any part thereof is affirmed, the appellant will satisfy it so far as affirmed."

Accordingly, she argues that the court did not err, because the judgment is in the amount of the original judgment "so far as affirmed."

■    The court erred. The undertaking does not state that the surety will satisfy the original judgment "so far as affirmed." It recites clearly and unambiguously that surety is obligated "in the sum of * * * $125,563." Had the undertaking stated that the surety would pay the amount of the judgment "so far as affirmed," ORS 19.040(1)(a), that would have been "the amount specified in the undertaking" referred to in ORS 19.040(4). Appellant would then have been obligated to pay the interest, costs and disbursements to which it objects.

■    Plaintiff may have had the right to require that the undertaking recite that the surety would pay the judgment "so far as affirmed," but plaintiff waived that right when she failed to except to the undertaking. ORS 19.038(2).[1] Pending Simpson's appeal, plaintiff might have asserted that the undertaking was a supersedeas that did not qualify to "stay

---

[1] ORS 19.038(2) provides:

"Within 14 days after the service of the undertaking, the adverse party or the attorney of the adverse party may except to the sufficiency of the sureties or the amount specified in the undertaking, or the adverse party shall be deemed to have waived the right thereto."

the proceedings," ORS 19.040(1), and might have sought to reform it or to execute on her judgment. *See Hecht v. James and Farmers Mut. Ins. Co.,* 218 Or 251, 253, 345 P2d 246 (1959). She is entitled to recover from the surety only the amount recited on the face of the undertaking.

Reversed and remanded with instructions to enter judgment for plaintiff for $125,563 with interest thereon until paid.